The Honorable Vic Snyder State Senator 324 South Valmer Little Rock, Arkansas 72205
Dear Senator Snyder:
This opinion is being issued in response to your recent question regarding a county's responsibility to pay the medical expenses of prisoners in the county jail. More specifically, you have inquired about the constitutionality of Ordinance 95-22, enacted on August 3, 1995, by the Van Buren County Quorum Court. The particular provisions about which you expressed concern are those set forth in Sections 4 and 6 of the ordinance. They state, in pertinent part:
 SECTION 4: However, Van Buren County does not assume any responsibility for, nor will it be held liable for, the costs of medical treatment provided to inmates of the County Jail, nor persons in custody of the Van Buren County Sheriff's Office for injuries or harm inflicted by that inmate or detainee to themselves, inflicted by third parties, who are not in custody or under detention at the jail facility, or for the reasonable medical treatment needed for such persons or [sic] account of their continuing treatment for preexisting illness, injury or disease, or for treatment, medication, or incidental medical expenses prescribed, recommended, or directed by a treating physician prior to the incarceration of the person;
 SECTION 6: The costs of all medical care or treatment referred to in sections 4 and 5 hereof shall be the sole responsibility of the inmate, detainee or other party or agency. . . .
I perceive your question to be as follows:
Are the above-quoted provisions of Ordinance 95-22 constitutional?
RESPONSE
It is my opinion that the provisions about which you have inquired are facially constitutional. However, as explained more fully below, they appear to conflict with Arkansas state law. In addition, as with any legislation that is sufficient on its face, these provisions could be applied in an unconstitutional manner. For that reason, I will review some of the constitutional principles that are implicated by Ordinance 95-22.
As a beginning principle, the United States Supreme Court has held that prisoners (whether they are convicted inmates or pretrial detainees) have a constitutional right to be provided with medical care, and that a failure to provide such care can constitute a violation of the Eighth orFourteenth Amendments to the United States Constitution. See City ofRevere v. Massachusetts General Hospital, 463 U.S. 239 (1983); Estellev. Gamble, 429 U.S. 97 (1976).
In City of Revere, supra, the Court addressed the question of whether a detainee's right to medical care carries with it an attendant right to payment of the cost of that care. The Court held that fundamentally, it does not. In that case, a hospital sued a municipality for the cost of medical service provided to a defendant who had been detained by the city police. The Court held that although the municipality had a constitutional duty to see that the medical care was provided to the detainee, the municipality was not constitutionally required to reimburse the hospital for that care.
However, the Court pointed out that if the only way by which a governmental entity can obtain the medical care that is needed by a detainee is to pay for it, then the governmental entity must pay. City ofRevere, 463 U.S. at 245.[1]
Nevertheless, the Court noted that governmental entities do have various available alternatives for providing medical services without incurring financial obligations. For example, the Court pointed out, such entities can choose providers who are obligated by law to provide free medical services, or they can operate their own medical facilities. Another alternative that the Court noted is particularly pertinent to your question: The Court stated: "Nothing we say here affects any right a hospital or governmental entity may have to recover from a detainee the cost of the medical services provided to him." City of Revere,463 U.S. at 246, n. 7.
Finally, the Court in City of Revere touched upon the matter of state law requirements. In considering the manner in which the cost of medical service provided to detainees should be allocated between providers and governmental entities, the Court stated:
 [A]s long as the governmental entity ensures that the medical care needed is in fact provided, the Constitution does not dictate how the cost of that care should be allocated as between the entity and the provider of the care. That is a matter of state law.
City of Revere, 463 U.S. at 245 (emphasis added).
Therefore, with regard to conflicts that may arise between Van Buren County and any provider of medical care, state law must be consulted. The Arkansas statutes that are applicable to this issue are A.C.A. §§12-41-504 and -505. Section 504 grants the quorum court of each county the authority to prescribe the method and procedure for feeding and keeping prisoners confined in the county jail; however, it also states that the quorum court "shall provide for payment for food and services." A.C.A. § 12-41-504 (emphasis added). It should be noted that the language of this statute is mandatory. Although Section 505 goes on to require that detainees, if convicted, be responsible for the costs of their care, and authorizes the use of those detainees' property for the payment of such costs, the reimbursement authorized in Section 505 appears to be based upon the presumption that, pursuant to Section 504, to county has paid for services rendered. It is therefore my opinion that Ordinance 95-22 conflicts with A.C.A. § 12-41-504, in that it purports to disclaim the responsibility set forth in that section.
To summarize the foregoing principles, therefore, I conclude that the county has a constitutional obligation to provided needed medical services to detainees. However, it has no corresponding constitutional obligation to pay for those services. Nevertheless, the county may not condition the provision of medical services upon the detainees' ability or willingness to pay; if the county can only provide the services by paying for them, it must pay. If a conflict arises between the county and the provider of the medical services, state law governs. Under state law, the county must pay the provider, but may, in turn, obtain reimbursement from the detainee, or from the detainee's property.
Van Buren County's Ordinance No. 95-22 appears on its face to be generally in line with the constitutional portion of the principles set forth above. However, it appears to conflict with state law. In addition, care must be taken to assure that the ordinance is not applied in a manner that conflicts with the constitutional principles.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] See also Monmouth County Corr. Inst. Inmates v. Lanzaro,834 F.2d 326 (3d Cir. 1987), in which the U.S. Court of Appeals for the Third Circuit, relying upon City of Revere, held that a county was constitutionally required to pay the costs of elective, nontherapeutic abortions. In this regard, the Monmouth court noted that prison officials may not condition the provision of medical care on the prisoner's ability or willingness to pay. Id. at 347. This point was based on the principle that because of their incarceration, prisoners are in a condition of "imposed financial dependency," and therefore may not have the resources to pay for needed care; accordingly, the deprivation of the cost of medical care can amount to deprivation of the care itself. Id. at 349-40.